# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

GUSTAVO C. ESTRADA,

    *Plaintiff*,

vs.

WARDEN NEVEN*, et al.*

    *Defendants*.

2:12-cv-00931-JCM-VCF

ORDER

    Presently before the court is defendants' motion for summary judgment. (Doc. # 31). Plaintiff has responded (doc. # 34) and defendants have replied (doc. # 37).

**I.    Background**

    Plaintiff alleges that physicians and other officials at High Desert State Prison ("HDSP") have refused to provide him with proper medical care, including pain medication he allegedly needs due to preexisting injuries.

    On December 20, 2010, defendant Dr. Romeo Aranas performed a physical examination of plaintiff at HDSP. During the examination, plaintiff reported to Aranas a previous gunshot wound, a previous injury to his right foot, and claimed he suffered nerve damage to his foot, back, and the area around the gunshot wound. Plaintiff maintained that he had previously received pain medication three times per day while at the Clark County Detention Center to alleviate the pain. Plaintiff requested a

prescription for Neurontin[1], which Aranas denied after conducting the physical examination and finding no abnormalities relative to plaintiff's claim of nerve damage.

On May 23, 2011, plaintiff was again examined by Aranas and again requested Neurontin. Aranas denied the request and told plaintiff that his physical condition did not necessitate Neurontin.

Plaintiff submitted medical grievances in response. The complaint alleges that defendants Morrow, Neven, Bannister, Jennings, and Adams were each involved in the denial of his grievances.

The complaint contains once claim for relief against all defendants asserting each was deliberately indifferent to his serious medical needs, in violation of the Eighth Amendment.

## II.     Legal Standard

The Federal Rules of Civil Procedure provide for summary adjudication when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

In determining summary judgment, a court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear

---

[1] Aranas has submitted an affidavit under seal (doc. # 35-1) in which he describes Neurontin's approved use as treatment for herpetic neuralgia and seizures, and not for pain or nerve damage.

1 the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

**III.   Discussion**

As an initial matter, the court acknowledges that the complaint was filed *pro se* and is therefore held to less stringent standards. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.") (internal quotations and citations omitted). However, "*pro se* litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record." *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir.1986).

. . .

. . .

-3-

### A. Leave to file

Defendants have filed a motion for leave to file certain exhibits in support of their motion for summary judgment under seal. (Doc. # 32). Plaintiff has not objected to that request. The motion is granted.

### B. Plaintiff's sur-reply

Plaintiff has filed an unauthorized sur-reply to the motion for summary judgment. (Doc. # 38). The local rules provide only for a response and a reply to a motion. *See* LR 7-2(b)(providing for responses); *see also* LR 7-2(c)(providing for replies). There is no provision permitting a sur-reply absent the court's approval. Accordingly, plaintiff's sur-reply is hereby stricken.

### C. Motion for summary judgment

In order to state a claim for relief under the Eighth Amendment based on a deliberate indifference to serious medical needs, a plaintiff must present factual allegations tending to establish that the defendant official knew of and disregarded an excessive risk to inmate health or safety. *See, e.g., Simmons v. Navajo County, Arizona*, 609 F.3d 1011, 1017-18 (9th Cir. 2010). The official both must be both aware of the facts from which the inference of an excessive risk to inmate health or safety could be drawn, and he also must draw the inference. *Id.* In other words, a plaintiff must show that the official was "(a) *subjectively aware* of the serious medical need and (b) failed adequately to respond." *Id.* (quoting prior authority, with emphasis in original). Medical misdiagnosis, differences in medical opinion, medical malpractice, and negligence do not amount to deliberate indifference. *See, e.g., McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), *rev'd on other grounds*, *WMX Tech., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997)(*en banc*); *Sanchez v. Vild*, 891 F.2d 240, 241-42 (9th Cir.1989).

Prison authorities have wide discretion regarding the nature and extent of medical treatment provided to prisoners. *Snow v. Gladden*, 338 F.2d 999 (9th Cir. 1964)(*citing Weller v. Dickson*, 314 F.2d 598, 602 (9th Cir. 1963)). The crux of the complaint revolves around a disagreement regarding the medical treatment provided by Aranas. The evidence shows that Aranas physically examined plaintiff in response to his complaints on several occasions over the relevant time period. Aranas did not find any evidence of nerve damage and, despite plaintiff's insistence to the contrary, concluded that Neurontin was unnecessary.

1    At most, plaintiff has raised a difference of medical opinion regarding his treatment. This
2 difference of opinion regarding the appropriate course of treatment does not amount to a deliberate
3 indifference to serious medical needs, and plaintiff's claim therefore fails as a matter of law. *See*
4 *Sanchez*, 891 F.2d at 242.
5    With respect to defendants Jennings, Adams, Morrow, and Bannister, plaintiff's claim alleges
6 that each had a hand in the denial of his medical grievances in deliberate indifference to his serious
7 medical needs. Because Aranas was not deliberately indifferent to a serious medical need, the
8 remaining defendants likewise cannot be said to have been deliberately indifferent in denying the
9 grievances.
10   Accordingly,
11   IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' motion for leave
12 to file (doc. # 32) be, and the same hereby is, GRANTED.
13   IT IS FURTHER ORDERED that plaintiff's sur-reply (doc. # 38) be, and the same hereby is,
14 STRICKEN.
15   IT IS FURTHER ORDERED that defendants' motion for summary judgment (doc. # 31) be,
16 and the same hereby is, GRANTED. Defendants are instructed to submit a proposed judgment within
17 seven (7) days of the issuance of this order.
18   DATED May 13, 2014.

_____
JAMES C. MAHAN
United States District Judge